UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY C. RENFRO,<br><br>    Plaintiff,<br><br>v.<br><br>ALAN ANDERSON AND IMBEE, INC.,<br><br>    Defendants. | Case No. 2:19-cv-00001-JAM-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED AND THAT ANDERSON BE PERMITTED 21 DAYS TO FILE AN ANSWER<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 17 |

      Plaintiff Randy Renfro ("plaintiff") proceeds in this action under 28 U.S.C. § 1332(a), claiming that he resides in the state of California, that neither Alan Anderson nor Imbee, Inc., ("defendants") reside in California, and that the amount in controversy exceeds $75,000. ECF No. 1 at 1. Plaintiff claims that on December 30, 2017, Anderson made, executed, and delivered a check to plaintiff in the amount of $129,301.09, drawn in the name of Imbee-fruit punch. *Id.* at 2; ECF No 1-2 at 2. Plaintiff further claims that, when presented to the drawee bank two times, the check was dishonored due to insufficient funds. ECF No. 1 at 2. Pursuant to Cal. Corp. Code § 800, plaintiff then sent a written demand for payment of the check on August 13, 2018, by both postal mail and email. *Id.* at 3; ECF No. 1-2 at 4. After another 30 days passed without payment from defendants, plaintiff filed this action. ECF No. 1 at 3.

      Plaintiff seeks relief on the grounds that defendants: (1) issued a bad check in violation of Cal. Civ. Code § 1719; (2) committed fraud in violation of Cal. Civ. Code. § 3294(c);

1

(3) fraudulently concealed a material fact; (4) made a false promise that induced plaintiff's detrimental reliance; (5) breached an oral contract; (6) breached a written (implied) contract; (7) fraudulently induced plaintiff to enter into the contract; and (8) induced a foreseeable and reasonable reliance upon promises that were never satisfied. *See id.* at 1-11.

Defendants were personally served with a copy of the summons and complaint by a process server on January 13, 2019. ECF No. 4-1. Neither defendant timely answered the complaint. On March 4, 2020, plaintiff requested entry of defendants' default, which the Clerk entered on March 5, 2020. ECF No. 14-1 at 1-3; ECF No. 16. On March 16, 2020, plaintiff moved for a default judgment against defendants, jointly and severally, in the amount of $168,656.42. ECF No. 17-2 at 2-4. On April 10, 2020, Anderson, appearing without counsel, requested an extension in order to obtain new counsel, due to an illness that prevented previously retained counsel from responding.[1] ECF No. 19. Anderson's request was granted and the hearing on plaintiff's motion for default judgment was continued to May 27, 2020. ECF No. 20. On May 26, 2020, the motion was ordered submitted without appearance and without argument pursuant to Local Rule 230(g) and the hearing date was vacated. ECF No. 22. On June 17, 2020, Anderson filed an opposition to plaintiff's motion for default judgment, which was supported by affidavit from Richard Grey. ECF No. 23. Mr. Grey's affidavit indicates that he was retained to represent defendants, but he can no longer remain as their counsel due to physical disability. *Id*. at 4-6. *See* ECF No. 23 at 1-6.

I recommend that plaintiff's motion for default judgment be denied at this time, that the clerk set aside Anderson's entry of default, and that Anderson be granted an additional 21 days to file an answer.

I.   **DISCUSSION**

Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom a

---

[1] The request for an extension of time, which was signed only by Anderson, purports to be filed on behalf of both defendants. ECF No. 19. Anderson, who is proceeding pro se, is not permitted to file documents on Imbee's behalf or otherwise represent it in this action. *See United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel."). Accordingly, the request for an extension of time is construed as filed only by Anderson.

1    judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is
2    shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).
3    Federal Rule of Civil Procedure 55(b)(2) allows a court to enter judgment against a party that has
4    defaulted. The decision to do so is "discretionary," *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th
5    Cir. 1980), but it is guided by several factors. As a preliminary matter, the court must first assess
6    the adequacy of service on the party against whom the default judgment would be entered. *See*
7    *Cranick v. Niagara Credit Recovery, Inc.*, No. 1:13-CV-671 LJO GSA, 2014 WL 325321, at *1
8    (E.D. Cal. Jan. 28, 2014*); see also Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97,
9    104 (1987) ("[B]efore a federal court may exercise personal jurisdiction over a defendant, the
10   procedural requirement of service of summons must be satisfied."). If service was sufficient, the
11   court may then consider a number of factors, including: possible prejudice to the plaintiff; the
12   merits of plaintiff's claim; the sufficiency of the complaint; the sum of money at stake; the
13   possibility of a factual dispute; whether the default was potentially due to excusable neglect; and
14   the general policy that cases be decided on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-
15   72 (9th Cir. 1986). In addition, "the factual allegations of the complaint, except those relating to
16   the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560
17   (9th Cir. 1977).

18   Here, service on defendants was appropriate, and the Clerk properly entered their default
19   on March 5, 2020. *See* ECF No. 14. Federal Rule of Civil Procedure 4(e) allows service to occur
20   by "following state law for serving a summons . . . in the state where the district court is located
21   or where service is made," by "delivering a copy of the summons and of the complaint to the
22   individual personally," or by "delivering a copy of each to an agent authorized by appointment or
23   by law to receive service of process." Here, the summons and complaint were served personally
24   on Anderson, who is the CEO of Imbee, Inc., on January 13, 2019. ECF No. 4-1. Therefore,
25   defendants were properly served.

26       *a.* **Anderson**
27   "Normally, an appearance in an action involves some presentation or submission to the
28   court. But because judgments by default are disfavored, a court usually will try to find that there

has been an appearance by defendant." *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988); *see also Wilson v. Moore & Assocs., Inc.*, 564 F.2d 366, 369 (9th Cir. 1977) ("The appearance need not necessarily be a formal one, i.e., one involving a submission or presentation to the court.  In limited situations, informal contacts between the parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit.").

Through his filed opposition to plaintiff's motion for default judgment, Anderson manifested his intent to defend against plaintiff's claims. *See* ECF No. 23 at 1-3.  As a result, there is not yet a basis to enter default judgment against Anderson. *See Mantic Ashanti's Cause v. Darwish Plaza*, 2006 WL 1360969, at *1 (S.D. Cal. Apr. 21, 2006) (noting that "a defendant may be deemed to have 'appeared' for purposes of Fed. R. Civ. P. 55 if the defendant clearly manifested an intent to defend the action").  Moreover, declining to enter default judgment against Anderson promotes the public policy of litigating claims on the merits. *See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2015); *see also Eitel*, 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible."); *In Re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993) (holding that default judgments are disfavored and cases should be decided on the merits if possible).  For these reasons, plaintiff's motion should be denied as to defendant Anderson.

### *b.* **Imbee, Inc.**

On the other hand, Imbee, Inc., has not appeared in this action, nor otherwise manifested an intent to defend against plaintiff's claims.  A corporation may appear only through an attorney. E.D. Cal. L.R. 183(a).  The federal rule permitting parties to plead their own cases does not extend to non-natural parties. *See* 28 U.S.C. § 1654; *United States v. High Country Broadcasting, Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("When it became apparent that Crisler (who was not a licensed attorney at that time) was attempting to represent High Country, the district court ordered High Country to retain counsel for the duration of the litigation.  When High Country failed to do so, the district court entered a default judgment against it; this was perfectly appropriate."). While Anderson's request for an extension and opposition to plaintiff's motion for default

judgment purported to also be filed on behalf of Imbee, Inc., Anderson is not an attorney and therefore may not represent Imbee, Inc., in this action. *See* ECF Nos. 19, 20, 23. Since the filing of this action, there have been no pleadings by a licensed attorney on behalf of Imbee, Inc., nor has there been any manifestation by a licensed attorney of an intent to fight against plaintiff's claims.

The *Eitel* factors also point in favor of granting default judgment against Imbee, Inc. Plaintiff's complaint contains claims that—accepting the allegations therein as true—appear meritorious and would entitle plaintiff to relief. *See, e.g.*, *Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). The factual assertions are straightforward: Anderson, acting as an agent of Imbee, Inc., "made, executed, and delivered" a check for $127,301.09, that was twice dishonored due to insufficient funds; the check was "payment for services rendered"; and plaintiff relied on subsequent promises for the payment of services rendered, which were "false when made." *See* ECF No. 1 at 1-11. The amount requested in judgment—$168,656.42—is reasonable in light of Imbee, Inc.'s alleged conduct.   ECF No. 17-2 at 2-3. Particularly given the length of time since service of the summons and complaint, there is no evidence that Imbee, Inc.'s failure to appear by counsel is due to excusable neglect. *Cf. Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

However, it would not be appropriate to enter judgment on plaintiff's claims against Imbee, Inc., while the same claims remain viable against Anderson. "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Generally, a "just reason for delay" exists when defendants are jointly and several liable and one defendant has manifested an intent to defend against the claims at issue. *See In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) ("[W]here a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the

5

matter has been adjudicated with regard to all defendants.") (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)).  Plaintiff's allegations against both defendants speak to the same set of actions, circumstances, and obligations.  *See* ECF No. 1.  As such, plaintiff alleges that defendants are jointly and severally liable.  *See* ECF No. 1 at 5; ECF No. 14-1 at 1-3; ECF No. 17-2 at 2-4.  Therefore, since there is not yet a proper basis to grant the motion for default judgment against Anderson, I also recommend denying the motion as to Imbee, Inc.  *See First T.D.*, 253 F.3d 520 at 532.

## II. FINDINGS AND RECOMMENDATIONS

Since Anderson has manifested an intent to fight the claims against him and plaintiff's complaint alleges joint and several liability, I recommend that plaintiff's motion for a default judgment, ECF No. 17, be denied without prejudice.  Additionally, I recommend Anderson's default be set aside, and that he be granted 21 days to file an answer to the complaint that comports with the requirements of Federal Rules of Civil Procedure 8 and 12.

These recommendations will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:     February 2, 2021                          _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE