UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY C. RENFRO,

        Plaintiff,

    v.

ALAN ANDERSON, INC,

        Defendant.

Case No. 2:19-cv-0001-DC-JDP (PS)

FINDINGS AND RECOMMENDATIONS

On April 9, 2025, the parties engaged in a settlement conference with the undersigned, which resulted in the parties settling the case and putting the terms of the settlement on the record. ECF No. 53. As part of the settlement, the court ordered defendant to pay plaintiff $5,500 within sixty days. *See* ECF No. 53; ECF No. 59 at 1.

On September 15, 2025, the court issued an order directing the parties to file status reports, since no further action had been taken. ECF No. 54. Plaintiff filed a response on September 19, 2025. ECF No. 55. Defendant did not respond. Plaintiff explained that he had not been able to contact defendant and that defendant had made no payments towards the settlement obligation. *Id.* at 2. Plaintiff notified the court that he believed defendant has been convicted of federal crimes and is serving six years in federal prison. *Id.* Plaintiff stated that he intended to file a motion for terminating sanctions. *Id.* Plaintiff did not file such a motion, so on April 13, 2026, the court ordered plaintiff to show cause why this action should not be dismissed based on

1

his failure to prosecute.[1]  ECF No. 56.  Plaintiff has since filed such a motion to enforce the settlement.  ECF No. 59.

"[A] district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (citations omitted). "[A] motion to enforce [a] settlement agreement essentially is an action to specifically enforce a contract," *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989), and the "court's enforcement power include[s] authority to award damages" or "specific performance," *T.N.T. Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986) (citations omitted).  To enforce a settlement agreement, two elements must be satisfied.  First, the settlement agreement must be complete.  *See Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994).  Second, the settlement agreement must be the result of an agreement of the parties or their authorized representatives concerning the terms of the settlement.  *See Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir. 1977).

The settlement agreement at issue meets both requirements.  Both parties agreed to the terms of the settlement on the record.  *See* ECF No. 53.  The agreement required defendant to pay plaintiff $5,500 within sixty days.  *Id.*

Defendant has not filed an opposition to the motion or otherwise challenged the validity or enforceability of the settlement agreement.  Therefore, I recommend that (1) plaintiff's motion be granted and (2) plaintiff's request that judgment be entered against defendant in the amount of $5,500 be granted.

Plaintiff also asks that he be awarded attorney's fees.  Plaintiff, while an attorney, is proceeding pro se.  Courts generally decline to award attorney's fees to those representing themselves.  *See Pickholtz v. Rainbow Technologies, Inc.*, 284 F.3d 1365, 1375 (Fed. Cir. 2002) ("[T]he word 'attorney' connotes an agency relationship between two parties (client and attorney), such that fees a lawyer might charge himself are not 'attorney fees,'" since "[o]ne cannot "incur' fees payable to oneself."); *Kay v. Ehrler*, 499 U.S. 432, 435-36, (1991) ("[T]he

---

[1] Good cause appearing, the April 13, 2026 order to show cause is discharged.

word "attorney' assumes an agency relationship . . . ."); *Swanson & Setzke, Chtd. v. Henning*, 116 Idaho 199, 774 P.2d 909, 910 (1989) ("[A] clear majority of courts hold that if a nonlawyer undertakes to represent himself in litigation, he is not entitled to an award of attorney fees."); *Smith v. Batchelor*, 832 P.2d 467, 474 (Utah 1992) ("It is the general rule that pro se litigants should not recover fees for successful litigation."); *Trope v. Katz*, 11 Cal.4th 274, 279-282 (1995) (finding an attorney pro se litigant could not recover attorney's fees, regardless of his profession, under California Civil Code Section 1717).  Accordingly, plaintiff's requests for attorney's fees should be denied.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion to enforce, ECF No. 59, be GRANTED in part and DENIED in part;

2. Judgment be entered in plaintiff's favor and against defendant in the amount of $5,500;

3. Plaintiff's requests for attorney's fees be DENIED; and

4. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    May 19, 2026                          _____
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE

4